UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JULIAN DAYANA ARIAS,

Plaintiff(s),

v.

AMERICA FIRST CREDIT UNION,

Defendant(s).

Case No.2:25-CV-2473  JCM (DJA)

ORDER

Presently before the court is defendant America First Credit Union ("AFCU")'s motion to compel arbitration, or in the alternative, to dismiss.  (ECF No. 8).  Plaintiff Dayana Arias ("plaintiff") filed a response (ECF No. 9), to which AFCU replied (ECF No. 14).

I.    **Background**

Plaintiff maintained a consumer deposit account with AFCU.  (*Id.* at 2).  On April 27, 2025, plaintiff deposited $3,816 in cash at an AFCU ATM.  (*Id.*).  The ATM did not credit the account and instead displayed an error message.  (*Id.*).  Plaintiff notified AFCU of the error in person on April 28, 2025.  (*Id.*).  On May 7 and 8, 2025, AFCU issued provisional credit totaling $3,816.  (*Id.* at 2–3).

On June 6, 2025, AFCU denied plaintiff's dispute, asserting that the ATM deposit totaled only $1,235.  (*Id.* at 3).  Plaintiff submitted additional written disputes and documentation demonstrating that the deposit totaled $3,816, but AFCU maintained its denial.  (*Id.* at 3–4).

As a result of AFCU's determination, AFCU reversed credit for the disputed funds, treated the account as overdrawn, closed plaintiff's deposit account and line of credit, and attempted to collect an alleged overdraft balance.  (*Id.* at 3).

. . ..

Plaintiff alleges that AFCU violated the Electronic Fund Transfer Act, 15 U.S.C. § 1693, et seq. ("EFTA"), and related common law claims. (*Id.* at 1). Plaintiff seeks actual damages, treble damages, statutory damages, an order requiring defendant to credit plaintiff with the disputed amount and attorneys' fees.

However, AFCU claims that the suit is barred by an arbitration clause in AFCU's Consumer Membership & Account Agreement. The court considers on that issue before addressing the merits of plaintiff's claims.

**II.    Legal Standard**

"There is a strong presumption in favor of arbitrating a dispute where a valid and enforceable arbitration agreement exists between the parties." *SR Constr., Inc. v. Peek Bros. Constr., Inc.*, 510 P.3d 794, 798 (Nev. 2022) (citing *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986); *Int'l Ass'n of Firefighters, Local No. 1285 v. City of Las Vegas*, 929 P.2d 954, 957 (1996)). "Nevada courts resolve all doubts concerning the arbitrability of the subject matter of a dispute in favor of arbitration." *Local No. 1285*, 929 P.2d at 957. "Nevada has a 'fundamental policy favoring the enforceability of arbitration agreements,' and [courts] 'liberally construe arbitration clauses in favor of granting arbitration.'" *Uber Techs., Inc. v. Royz*, 517 P.3d 905, 908 (Nev. 2022) (quoting *Tallman v. Eighth Jud. Dist. Court*, 359 P.3d 113, 118–19 (Nev. 2015)).

"Where the Federal Arbitration Agreement (FAA), 9 U.S.C. § 1–16, governs an arbitration agreement, state courts are compelled to follow that act and any federal law construing it." *Royz*, 517 P.3d at 907. "By its terms, the Act 'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Chiron Corp. v. Ortho. Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985)).

"The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Id.* (citing 9 U.S.C. § 4; *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 719–20 (9th Cir. 1999);

*Rep. of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 477–78 (9th Cir. 1991)); *see also Ashbey v. Archstone Prop. Mgmt.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (stating that the party seeking to compel arbitration has the burden to show both elements) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)).

If the answer to both inquiries is yes, then the court must enforce the arbitration agreement's terms. *Id.* Courts are guided by a "presumption of arbitrability in the sense that '[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *AT&T Techs., Inc.*, 475 U.S. at 650 (quoting *United Steelworkers of Am. v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)).

**III.   Discussion**

A.  Whether a Valid Agreement Exists

Plaintiff's argument attacks Exhibit B of AFCU's motion to compel (ECF No. 8-2)—a copy of AFCU's Membership & Account Agreement ("the agreement"). Because the attached agreement appears to arise from sometime in 2025, plaintiff argues that it cannot be the same agreement she signed in 2017 when she completed the membership application assenting to the terms of the agreement.

There are two provisions that are essential to determining whether plaintiff is bound by an arbitration agreement. First, and most obviously, is whether the 2017 agreement included an arbitration clause. This alone could solve the issue of how to treat the first prong of the analysis. Second, AFCU claims that the 2017 agreement—like the 2025 agreement attached to its motion— included the following language:

> By signing the Membership Application or completing and transmitting an online account authorization or service request that is a part of the Agreement, or by establishing and using this account, each of you, jointly and severally, agree to the terms and conditions in this Agreement … You agree that additional accounts and services you request in the future will be governed by this Agreement, as amended from time to time.

(ECF No. 8-2 at 1). If the 2017 agreement lacked an arbitration clause but included the amendment

clause, a later added arbitration clause could be enforceable.

The court cannot determine whether plaintiff agreed to the terms of AFCU's arbitration agreement solely based on the 2025 agreement attached to AFCU's motion, and thus, cannot compel arbitration.  Further, the existence of a valid arbitration agreement could potentially strip the court of jurisdiction, so the court defers ruling on the merits of plaintiff's claims at this time. *See Chiron Corp.*, 207 F.3d at 1130.

To remedy this issue, the court grants AFCU 7 days from this order to supplement its motion to compel arbitration.  Only the very narrow issue of the 2017 agreement is to be discussed in any further filings, and ideally, AFCU will attach a copy of the agreement that was in effect at the time plaintiff signed the AFCU membership application.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that AFCU has 7 days from this order to supplement its motion.  The court defers ruling on the motion to compel (ECF No. 8) until the deadline has passed.

DATED February 24, 2026.

_____
UNITED STATES DISTRICT JUDGE